UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CONRAAD L. HOEVER,

    Plaintiff,

v.                                                    Case No. 3:23-cv-255-WWB-SJH

PATTI L. DAVIS, et al.,

    Defendants.

## ORDER

Plaintiff is a former inmate of the Florida Department of Corrections (FDC) proceeding on an amended complaint against five corrections officers for violations of the First Amendment (Doc. 7). The four served Defendants have answered the complaint and, in accordance with the Court's Case Management and Scheduling Order (Doc. 33), have noticed Plaintiff's deposition, which was to be conducted on December 2, 2024, in Jacksonville, Florida. *See* Docs. 35, 36-2. Plaintiff moves the Court to compel Defendants to conduct his deposition remotely because, after his release from prison, he was deported to his native country, Suriname, in South America. *See* Doc. 35 at 1. Plaintiff explains that he is unable to return to the United States legally without first obtaining "special permission from the Immigration Service [ICE]," and defense counsel will not consent to conducting the deposition remotely. *Id.* at 2.

Construing Plaintiff's motion as one for a protective order under Rule 26(c) of the Federal Rules of Civil Procedure, Defendants oppose the motion (Doc. 36) and, through a separate motion, seek an extension of the discovery deadline (and other remaining deadlines), to afford Plaintiff time to obtain permission to enter the country (Doc. 37). Plaintiff does not object to an extension of the deadlines, and advised defense counsel that setting his deposition for March 2025 should "give [him] ample time" to obtain the official permission he needs to travel to the United States (Doc. 37-1). Plaintiff still would prefer to have his deposition taken remotely, however. *See* Doc. 37 at 3.

The Middle District's Discovery Handbook provides, "A nonresident plaintiff may reasonably expect to be deposed at least once in this district during the discovery stages of the case." Middle District Discovery (2021) at Section II.A.3. And "[t]ypically, the defendants are entitled to depose a plaintiff in the forum where plaintiff has chosen to sue." *Hernandez v. Hendrix Produce, Inc.*, 297 F.R.D. 538, 539–40 (S.D. Ga. 2014). However, parties may stipulate or a court may order "that a deposition be taken by telephone or other remote means." Fed. R. Civ. P. 30(b)(4); *see also Delgado v. Magical Cruise Co., Ltd.*, No. 6:15-cv-2139-ORL-41-TBS, 2017 WL 2346215, at *2 (M.D. Fla. May 30, 2017) ("Depositions by remote means are not unusual, given the strides of technology.").

"The court may, for good cause issue an order to protect a party or person from . . . undue burden or expense." Fed. R. Civ. P. 26(c)(1). In some circumstances, the

2

inconvenience, time, or expense involved in obtaining official permission or documentation to enter the United States may warrant a protective order of the kind Plaintiff requests. *See, e.g.*, *Hernandez*, 297 F.R.D. at 540–41 (explaining that video conference (Skype, in that case) could provide a reasonable alternative to live depositions of Mexican migrant-worker-plaintiffs who argued the cost for them to travel to the United States far exceeded the cost involved in arranging their remote depositions); *Delgado*, 2017 WL 2346215, at *2 (declining to compel the plaintiff to obtain a visa to travel from Peru to the United States for a deposition). "If we can do weddings, funerals, healthcare, work, and trials via videoconference, surely we can do the same with depositions." *McCabe v. Albright*, No. 21-cv-368-CKK-ZMF, 2024 WL 620443, at *3 (D.D.C. Feb. 14, 2024) (rejecting argument that the defendant "'can legitimately insist on an in-person deposition in the forum that the plaintiff chose to commence the litigation'").

Plaintiff demonstrates good cause for his deposition to be scheduled remotely: he cannot legally enter the country right now and does not know when he will be able to do so. Although the parties have agreed to an extension of the deadlines, there is no indication (aside from speculation) how long it may take for Plaintiff to obtain the official documentation he needs to enter the county, and the Court is not inclined to delay the action unnecessarily.

The Court is not persuaded by Defendants' speculative reasons for objecting to Plaintiff's request: they hazard that Suriname *may* be a country that "does not allow

3

depositions to be taken of citizens located within their territorial boundaries" and contend the court reporter would be unable to confirm that "the individual sitting for the deposition is Plaintiff," allowing Plaintiff to have someone sit for the deposition in his stead. *See* Doc. 36 at 6, 9–11. Plaintiff is "ready, willing, and able" to be deposed in a foreign country, and in such circumstances, some "courts have been willing to permit remote depositions to occur in countries in which they may be illegal where the objecting party 'has not provided specific facts showing that the [foreign] government actually intends to prevent this deposition from occurring there.'" *See McCabe*, 2024 WL 620443, at *4 (alteration in original). Nor have Defendants explained why identification through video conference (using a platform such as Zoom, for instance) is unworkable merely because Plaintiff is not represented.

Having been deported with a civil action pending in this district, Plaintiff should have anticipated his presence would be required in Jacksonville, Florida for certain proceedings, and it ultimately may be. However, under the circumstances, his request is reasonable and does not appear to unduly prejudice Defendants. The Court is confident the parties can successfully schedule a remote (video) deposition to overcome the real obstacle that Plaintiff cannot presently enter the United States without facing criminal charges.[1] *See* Fed. R. Civ. P. 1 (providing that the Federal

---

[1] The parties must work jointly to schedule Plaintiff's remote (video) deposition by the new deadline herein, and Plaintiff must ensure he has the technology necessary to appear by video and there are no legal barriers to him sitting for a deposition in his country. If scheduling a video deposition proves demonstrably difficult, costly, impermissible under foreign law, or otherwise impossible, the parties may alert the

Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"); *see also Hernandez*, 297 F.R.D. at 540–41 (explaining the practical ease with which remote depositions may be scheduled).

Accordingly, the Court **grants** Plaintiff's motion and **grants** Defendants' unopposed motion to extend the deadlines. The following deadlines shall apply:

| Event | Deadline |
| --- | --- |
| Request discovery | At the latest by **April 25, 2025** |
| Complete discovery | **May 27, 2025** |
| File any motion to compel | At the latest by **June 6, 2025** |
| File any dispositive motion, including a motion raising qualified immunity | At the latest by **July 28, 2025** |
| File a response to any dispositive motion | At the latest by **September 11, 2025** |

**DONE AND ORDERED** at Jacksonville, Florida, this 5th day of December, 2024.

Samuel J. Horovitz
United States Magistrate Judge

---

Court through the filing of a joint notice, and, if necessary, the Court can conduct a hearing or entertain justifiable requests for further relief.

c:
Conraad L. Hoever (connahoever@gmail.com)
Counsel of Record